**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X   Case No.:

SONJA KISIN RUCNOV,

                                    Plaintiff,           **COMPLAINT**

         -against-

HOUSING WORKS, INC., CALEB TERRY,        **PLAINTIFF DEMANDS**
*Individually,* MATTHEW BERNARDO, *Individually,*  **A TRIAL BY JURY**
and LINNEY SMITH *Individually*,

                                  Defendants.

-------------------------------------------------------------------X

       Plaintiff, SONJA KISIN RUCNOV, by and through her attorneys, PHILLIPS & ASSOCIATES,

Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1.     Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42

        U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,

        Pub. L. No. 102-166 ("Title VII"), and the <u>New York City Human Rights Law</u>, New York

        City Administrative Code § 8-502(a), *et. seq., and* seeks damages to redress the injuries

        she has suffered as a result of being **Sexually Harassed**, **Discriminated Against on the**

        **basis of her Gender**, and **Retaliated Against** by her employer.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331

        and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

        law pursuant to 28 U.S.C. §1367.

4.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon Defendants' principal place of business within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.   Plaintiff received a Notice of Right to Sue from the EEOC, dated March 5, 2018, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.   This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.   That at all times relevant hereto, Plaintiff SONJA KISIN RUCNOV ("KISIN RUCNOV") is female and a resident of the State of New York and the County of the Kings.

9.   That at all times relevant hereto, Defendant HOUSING WORKS, INC. ("HOUSING WORKS") was and is a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 57 Willoughby Street, Brooklyn, New York 11201.

10.   That at all times relevant hereto, Plaintiff KISIN RUCNOV was an employee of Defendant HOUSING WORKS.

11.   That at all times relevant hereto, Defendant CALEB TERRY ("TERRY") was an employee of Defendant HOUSING WORKS holding the position of "Vice President for Compliance and Human Resources."

12.   That at all times relevant hereto, Defendant TERRY was Plaintiff KISIN RUCNOV's supervisor and had supervisory authority over Plaintiff KISIN RUCNOV.

13.   That at all times relevant hereto, Defendant LINNEY SMITH ("SMITH") was an employee

2

of Defendant HOUSING WORKS holding the position of "Senior Vice President for Compliance and Human Resources."

14. That at all times relevant hereto, Defendant SMITH was Plaintiff KISIN RUCNOV's supervisor and had supervisory authority over Plaintiff KISIN RUCNOV.

15. That at all times relevant hereto, Defendant MATTHEW BERNARDO ("BERNARDO") was an employee of Defendant HOUSING WORKS holding the position of "Chief Operating Officer."

16. That at all times relevant hereto, Defendant BERNARDO was Plaintiff KISIN RUCNOV's supervisor and had supervisory authority over Plaintiff KISIN RUCNOV.

17. That at all times relevant hereto, Defendant HOUSING WORKS, ABDU, Defendant TERRY, Defendant SMITH, and Defendant BERNARDO are collectively referred to herein as "Defendants."

## MATERIAL FACTS

18. In or about November 2016, Plaintiff KISIN RUCNOV began working for Defendants earning approximately $65,000 yearly.

19. Throughout Plaintiff KISIN RUCNOV's employment with Defendants, she was an exemplary employee, always received compliments for her work performance, and got along well with her co-workers.

20. However, starting in or around February 2017, Plaintiff KISIN RUCNOV was also consistently and continuously **sexually harassed and discriminated against by ABDU, solely due to Plaintiff KISIN RUCNOV's gender (female)**, which created a hostile and intimidating work environment.

21. Moreover, **Defendants then retaliated against Plaintiff KISIN RUCNOV** for objecting to, and complaining about, ABDU's sexual harassment.

22.  By way of example, on or around February 14, 2017, Plaintiff KISIN RUCNOV was preparing to give a presentation in the large conference room. While Plaintiff was conversing with Defendant TERRY, a co-worker known to Plaintiff as ABDU walked behind Plaintiff and purposefully made inappropriate contact and brushed up against her backside and buttocks.

23.  Once again, approximately twenty (20) minutes later and during Plaintiff's presentation, ABDU yet again walked closely behind Plaintiff and again purposefully made inappropriate contact and brushed against her backside and buttocks.

24.  Plaintiff KISIN RUCNOV was offended and humiliated by ABDU's sexually harassing and discriminatory behavior.

25.  The following day, on or around February 15, 2017, during a phone call with Defendant SMITH, Plaintiff complained of ABDU's sexually harassing and discriminatory behavior. However, to Plaintiff's dismay Defendant SMITH became defensive and said "Do you know what sort of allegation that is? Did [Defendant TERRY] see it?"

26.  Plaintiff KISIN RUCNOV felt dejected and shamed by Defendant SMITH's response to her complaints of discrimination. In fact, due to Plaintiff's feelings of dejection and humiliation resulting from her call with Defendant SMITH, Plaintiff immediately sent a text message to Defendant TERRY informing him that she would not be at work the following day.

27.  Later that evening on or about February 15, 2017, Plaintiff KISIN RUCNOV called and spoke with Defendant TERRY. Plaintiff complained of ABDU's discriminatory behavior and also advised him of her conversation with Defendant SMITH. Defendant TERRY indicated that he would investigate her complaints and would follow-up with Plaintiff. Defendant TERRY then asked whether Plaintiff believed ABDU's actions were intentional

4

and Plaintiff responded in the affirmative and stated that ABDU's sexually harassing conduct was unwelcomed and intrusive. Defendant TERRY also asked whether ABDU was aware of her complaints of sexual harassment and discrimination.

28.   During the February 15, 2017 call Plaintiff KISIN RUCNOV also expressed to Defendant TERRY that she believed that Defendant SMITH prefers to sweep her complaints under the rug and has made her feel defensive and discredited following her complaints of discrimination.

29.   On or about February 16, 2017, despite her previous text message to Defendant TERRY, Plaintiff KISIN RUCNOV went into work.

30.   On or about February 16, 2017, Defendant SMITH and Plaintiff KISIN RUCNOV on a phone call when Defendant SMITH indicated that there needed to be attempts to "fix relationships" within the office. In response, Plaintiff asked whether they would have an opportunity to discuss her complaints of discrimination and Defendant SMITH again asked Plaintiff whether she knew how "serious of an allegation" that is. Defendant also asked Plaintiff whether she informed ABDU that he made her feel uncomfortable because if Plaintiff did not then it could not be considered sexual harassment. Defendant SMITH also informed Plaintiff that Defendant TERRY notified her that he did not witness ABDU's sexually harassing behavior.

31.   Plaintiff KISIN RUCNOV again felt degraded, shamed, and humiliated by Defendant SMITH's reactions to her complaints of discrimination and informed Defendant SMITH that she felt that Defendant SMITH was discrediting her accounts of the sexual harassment and discrimination she suffered. Plaintiff felt as though Defendant SMITH was intimidating and discouraging her from pursuing her complaints of sexual harassment and discrimination.

32. On or about February 17, 2017, Plaintiff KISIN RUCNOV met with Defendant TERRY in his office in order to discuss her complaints of discrimination. Defendant TERRY indicated that he is unaware whether ABDU knows of Plaintiff's complaints and informed her that he did not witness ABDU's sexually harassing behavior. Defendant TERRY failed to inquire further into Plaintiff's complaints of discrimination.

33. Yet again, Plaintiff KISIN RUCNOV felt dejected by Defendant TERRY's response to her complaints of discrimination. Plaintiff then informed Defendant TERRY that he had not taken a formal statement from her relating to her allegations of sexual harassment and Defendant TERRY merely responded by stating that Plaintiff was jeopardizing their "long-standing alliance" with the IT team. Feeling completely discouraged Plaintiff then told Defendant TERRY that perhaps they should discuss her resignation. Defendant TERRY responded that resignation is an option and asked whether Plaintiff wanted to sit on her decision to resign over the weekend.

34. On or about February 19, 2017, Plaintiff KISIN RUCNOV emailed both Defendant TERRY and Defendant SMITH and informed them that she would not be resigning.

35. Defendants never responded to Plaintiff KISIN RUCNOV's February 19, 2017 email.

36. On or about February 23, 2017, Defendants TERRY and SMITH called Plaintiff KISIN RUCNOV into a meeting to discuss Plaintiff's exit strategy. Plaintiff was shocked as she previously emailed Defendants indicating that she did not intend to resign from her position. Plaintiff reiterated that her previous decision to resign was based on her feelings that Defendants did not properly respond to her complaints of sexual harassment and discrimination. At that time, Defendant TERRY ended the conversation with no clear resolution and indicated that they would speak the following day.

37. On or about February 24, 2017, Defendant TERRY emailed Plaintiff KISIN RUCNOV

that he was accepting her resignation and that February 24, 2017 would be Plaintiff's last day of work.

38.   Plaintiff KISIN RUCNOV immediately replied to Defendant TERRY's February 24, 2017 email and informed him that she was not resigning and that she has felt shamed and ostracized for complaining of ABDU's sexually harassing behavior. Plaintiff also informed Defendant TERRY that she would like to discuss her rights regarding being retaliated against for her complaints of discrimination.

39.   Defendant TERRY never responded to Plaintiff's February 24, 2017 email.

40.   Later that day, on or about February 24, 2017, Plaintiff KISIN RUCNOV met with Defendant BERNARDO. Plaintiff complained to Defendant BERNARDO regarding ABDU's sexually harassing behavior and informed him that Defendants TERRY and SMITH retaliated against her following her complaints of discrimination. Defendant BERNARDO merely asked whether Defendants were investigating her complaints. Plaintiff responded that she was not aware of an investigation and informed him that Defendants never took a statement from her regarding her complaints of discrimination and sexual harassment.

41.   Defendant Bernardo ended their meeting and informed Plaintiff KISIN RUCNOV that he would ensure that her complaints of sexual harassment and discrimination would be investigated and that she would be provided with a grievance process.

42.   Upon information and belief, Defendant BERNARDO took no action to correct or abate the discrimination and retaliation Plaintiff was suffering at the hands of Defendants. Plaintiff never received a grievance process as Defendant BERNARDO had promised.

43.   Following her meeting with Defendant BERNARDO, Plaintiff KISIN RUCNOV went back to her desk to find that she was blocked from her accounts and she was no longer able

to log into her Defendant HOUSING WORKS' accounts.

44.   It was clear to Plaintiff that Defendants terminated her employment in retaliation for her complaints of sexual harassment and discrimination.

45.   On or about March 8, 2017, Plaintiff KISIN RUCNOV emailed Charles King, Defendants' Chief Operating Officer, via LinkedIn and informed him that she was terminated from her position in retaliation for her complaints of sexual harassment. Plaintiff never received a response from Mr. King.

46.   Plaintiff KISIN RUCNOV was degraded and humiliated in the worst possible ways at the hands of Defendants.

47.   Plaintiff KISIN RUCNOV was subjected to such a discriminatory, hostile and abusive work environment that no reasonable person in Plaintiff KISIN RUCNOV's shoes should or could be expected to endure.

48.   Plaintiff KISIN RUCNOV felt offended, disturbed, and humiliated by the illegal sexual harassment and retaliation.

49.   Defendants created a hostile working environment, which unreasonably interfered with Plaintiff KISIN RUCNOV's work environment.

50.   Plaintiff KISIN RUCNOV was exposed to a sexually offensive and hostile work environment by ABDU.

51.   Plaintiff KISIN RUCNOV felt traumatized and began to suffer anxiety and depression as a result of Defendants' sexual harassment and retaliation.

52.   **Plaintiff KISIN RUCNOV was treated differently (sexually harassed) by ABDU, solely due to her gender (female)**.

53.   But for the fact that Plaintiff KISIN RUCNOV is a female, ABDU would not have treated her differently (sexually harassed her).

54. **But for the fact that Plaintiff KISIN RUCNOV complained about ABDU's sexual harassment, Defendants would not have reduced her work hours.**

55. Defendant VALIOTIS's actions were unsolicited, unwelcome and offensive.

56. Defendants' actions and conduct were intentional and intended to harm Plaintiff KISIN RUCNOV.

57. The above are just some of the acts of sexual harassment, discrimination and retaliation that Plaintiff KISIN RUCNOV experienced on a regular and continual basis while employed by Defendants.

58. Defendants HOUSING WORKS **had knowledge of and/or acquiesced in** the discrimination and sexual harassment by ABDU, as Plaintiff KISIN RUCNOV complained to Defendants TERRY and SMITH, and instead Defendants terminated Plaintiff KISIN RUCNOV's employment.

59. Plaintiff KISIN RUCNOV's performance was, upon information and belief, above average during the course of her employment with Defendants.

60. Plaintiff KISIN RUCNOV has been unlawfully discriminated against, sexually harassed, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

61. As a result of Defendants' actions, Plaintiff KISIN RUCNOV feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

62. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff KISIN RUCNOV, Plaintiff KISIN RUCNOV has suffered severe emotional distress and physical ailments.

63. As a result of the acts and conduct complained of herein, Plaintiff KISIN RUCNOV has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation

which such employment entails, and Plaintiff KISIN RUCNOV has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff KISIN RUCNOV has further experienced severe emotional and physical distress.

64. As a result of the above, Plaintiff KISIN RUCNOV has been damaged in an amount which exceeds the jurisdiction limits of the Court.

65. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff KISIN RUCNOV demands Punitive Damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

68. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her gender (sexual harassment).

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

70. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

71. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. The New York City Administrative Code §8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, *__gender__*, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working

conditions, and otherwise discriminating against Plaintiff because of her gender (<u>sexual harassment</u>).

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

77. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

80. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

81.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above
     paragraphs of this Complaint as if more fully set forth herein at length.

82.  New York City Administrative Code § 8-107(13) Employer liability for discriminatory
     conduct by employee, agent or independent contractor.

     a.  An employer shall be liable for an unlawful discriminatory practice based upon the
         conduct of an employee or agent which is in violation of any provision of this
         section other than subdivisions one and two of this section.

     b.  An employer shall be liable for an unlawful discriminatory practice based upon the
         conduct of an employee or agent which is in violation of subdivision one or two of
         this section only where:

         1.  the employee or agent exercised managerial or supervisory
             responsibility; or

         2.  the employer knew of the employee's or agent's discriminatory
             conduct, and acquiesced in such conduct or failed to take immediate and
             appropriate corrective action; an employer shall be deemed to have
             knowledge of an employee's or agent's discriminatory conduct where
             that conduct was known by another employee or agent who exercised
             managerial or supervisory responsibility; or

         3.  the employer should have known of the employee's or agent's
             discriminatory conduct and failed to exercise reasonable diligence to
             prevent such discriminatory conduct.

     c.  An employer shall be liable for an unlawful discriminatory practice committed  by

a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

83.     Defendants violated the section cited herein as set forth.

**JURY DEMAND**

84.     Plaintiff demands a trial by jury.

      **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.      Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, and the New York City Human Rights Law, Administrative Code § 8-107 *et seq.*, in that Defendants sexually harassed Plaintiff, discriminated against Plaintiff on the basis of her gender, and retaliated against Plaintiff for objecting to, and complaining about, Defendants' sexual harassment;

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful sexual harassment, discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       May 3, 2018

                                        PHILLIPS & ASSOCIATES,
                                        Attorneys at Law, PLLC

                        By:      _____

                                        Jessenia Maldonado, Esq.
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 620
                                        New York, New York 10006
                                        (212) 248-7431
                                        jmaldonado@tpglaws.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sonja K. Rucnov<br>270 Lenox Road, Apt 109<br>Brooklyn, NY 11226 | RECEIVED<br>MAR 0 8 2018<br>BY: KG | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-02814 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Kevin J. Berry,
**District Director**

March 05, 2018
*(Date Mailed)*

cc:

**Attn: Director of Human Resources
HOUSING WORKS, INC.
57 Willoughby Street
Brooklyn, NY 11201**

**Phillips & Associates
Attorneys At Law
45 Broadway, Suite 620
New York, NY 10006
Attn: Jessenia Maldonado, Esq.**